ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

                -v.-                  :          SUPERSEDING
                                                 SEALED
                                      :          INDICTMENT

VINCENT BASCIANO, JR.,                :
STEPHEN BASCIANO,                                S3 13 Cr. 340 (RJS)
GEORGE KOKENYEI,                      :
JOSEPH BASCIANO, and
ELON VALENTINE,                       :
      a/k/a "Hit,"
                                      :

            Defendants.               :

- - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 1 7 2013

COUNT ONE

      The Grand Jury charges:

      1.    From at least in or about August 2009, up to and
including in or about April 2013, in the Southern District of New
York and elsewhere, VINCENT BASCIANO, JR., the defendant, and
others known and unknown, intentionally and knowingly did
combine, conspire, confederate and agree together and with each
other to violate the narcotics laws of the United States.

      2.    It was a part and an object of the conspiracy that
VINCENT BASCIANO, JR., the defendant, and others known and
unknown, would and did possess with intent to distribute a
controlled substance, in violation of 21 U.S.C. § 841(a)(1).

      3.    The controlled substance involved in the offense
was 100 kilograms and more of mixtures and substances containing

a detectable amount of marijuana, in violation of 21 U.S.C.
§ 841(b)(1)(B).

      4.    In furtherance of the conspiracy and to effect the
illegal object thereof, VINCENT BASCIANO, JR., the defendant,
together with others known and unknown, committed the following
overt acts, among others, in the Southern District of New York
and elsewhere:

      a.    On or about April 1, 2013, VINCENT BASCIANO,
JR. had a conversation with an individual ("CW-1"), in which they
discussed the price of marijuana from a supplier in California.

      b.    On or about April 7, 2013, VINCENT BASCIANO,
JR. had a conversation with CW-1, in which VINCENT BASCIANO, JR.
discussed the amount of marijuana he wished to purchase and
stated that his marijuana distribution "route" sold 2 pounds of
marijuana a week.

      (Title 21, United States Code, Section 846.)

<u>COUNT TWO</u>

The Grand Jury further charges:

      5.    From at least in or about August 2009, up to and
including in or about April 2013, in the Southern District of New
York and elsewhere, STEPHEN BASCIANO, the defendant, and others
known and unknown, intentionally and knowingly did combine,
conspire, confederate and agree together and with each other to
violate the narcotics laws of the United States.

6.    It was a part and an object of the conspiracy that STEPHEN BASCIANO, the defendant, and others known and unknown, would and did possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

7.    The controlled substance involved in the offense was 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B).

8.    In furtherance of the conspiracy and to effect the illegal object thereof, STEPHEN BASCIANO, the defendant, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.    On or about March 16, 2013, STEPHEN BASCIANO had a conversation with CW-1 in which they discussed a missing shipment of marijuana.

b.    On or about April 4, 2013, STEPHEN BASCIANO had a conversation with CW-1 in which they discussed when a shipment of marijuana was scheduled to arrive.

(Title 21, United States Code, Section 846.)

<u>COUNT THREE</u>

The Grand Jury further charges:

9.    From at least in or about 2012, up to and including in or about April 2013, in the Southern District of New

York and elsewhere, GEORGE KOKENYEI, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

10. It was a part and an object of the conspiracy that GEORGE KOKENYEI, the defendant, and others known and unknown, would and did possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(b)(1)(A).

11. The controlled substance involved in the offense was 1000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(b)(1)(A).

12. In furtherance of the conspiracy and to effect the illegal object thereof, GEORGE KOKENYEI, the defendant, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a. On or about March 11, 2013, KOKENYEI had a conversation with CW-1 in which they discussed when a shipment of marijuana was scheduled to arrive.

b. On or about April 9, 2013, KOKENYEI had a conversation with CW-1, in which KOKENYEI discussed traveling to California to arrange for a shipment of marijuana.

(Title 21, United States Code, Section 846.)

4

COUNT FOUR

The Grand Jury further charges:

13.   From at least in or about February 2012, up to and including in or about April 2013, in the Southern District of New York and elsewhere, JOSEPH BASCIANO and ELON VALENTINE, a/k/a "Hit," the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

14.   It was a part and an object of the conspiracy that JOSEPH BASCIANO and ELON VALENTINE, a/k/a "Hit," the defendants, and others known and unknown, would and did possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

15.   The controlled substance involved in the offense was 100 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(b)(1)(B).

16.   In furtherance of the conspiracy and to effect the illegal object thereof, JOSEPH BASCIANO and ELON VALENTINE, a/k/a "Hit," the defendants, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.   On or about March 7, 2013, VALENTINE and JOSEPH BASCIANO met with CW-1 and discussed arrangements for JOSEPH BASCIANO to supply VALENTINE with marijuana for a marijuana distribution "route."

b.   On or about March 8, 2013, VALENTINE had a telephone conversation with CW-1, in which VALENTINE told CW-1 that the quality of the marijuana supplied by BASCIANO was poor.

(Title 21, United States Code, Section 846.)

FORFEITURE ALLEGATION

17.   As a result of committing the controlled substance offenses alleged in, respectively, Counts One through Four of this Indictment, VINCENT BASCIANO, JR., STEPHEN BASCIANO, GEORGE KOKENYEI, JOSEPH BASCIANO and ELON VALENTINE, a/k/a "Hit," the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Counts One through Four of this Indictment, including but not limited to a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offenses alleged in Counts One through Four of the Indictment.

6

## Substitute Asset Provision

18. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)


_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

7

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

VINCENT BASCIANO, JR.,
STEPHEN BASCIANO,
GEORGE KOKENYEI,
JOSEPH BASCIANO, and
ELON VALENTINE,
a/k/a "Hit,"

Defendants.

## INDICTMENT

S3 13 Cr. 340 (RJS)

(21 U.S.C. § 846)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

9/17/13   Fld. Superseding Indictment, arrest Warrants Issued

Pitman, USMJ