UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

        Respondents,

  -against-                                          <u>AFFIRMATION</u>

VINCENT BASCIANO, JR.                         13-CR-340 (RJS)
JOSEPH BASCIANO
STEPHEN BASCIANO

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
STATE OF NEW YORK    )
                                   : SS.:
COUNTY OF BRONX     )

        MURRAY RICHMAN, MATHEW J. MARI, and JOSHUA L. DRATEL, attorneys duly licensed to practice law in the State of New York and before this Court, under the penalty of perjury, affirms and says:

    We are the attorneys for Defendants VINCENT BASCIANO, JR., JOSEPH BASCIANO and STEPHEN BASCIANO, and make this affirmation in support of the Defendants' pre-trial motion.

    1.  Vincent Basciano Jr., Joseph Basciano and Stephen Basciano (hereinafter "Defendants") hereby moves this Honorable Court for an Order suppressing and prohibiting the Government from introducing into evidence at trial any and all intercepted wire and consensually recorded oral communications obtained by unlawful electronic surveillance in which Defendants and any other person or persons participated in or which Defendants were referred to directly or indirectly, and all evidence derived from the information obtained from

said electronically intercepted communications which has been in any manner used in obtaining the Indictment against the Defendants for the following reasons:

2. Title 18 U.S.C. § 2518(1)(c) provides that each application submitted to the District Judge shall include:

> a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous.

3. In this case, the undersigned believes that the Affidavit(s) to the said Application(s) established beyond any doubt that normal investigative procedures worked quite well enough to accomplish every purpose lawfully open to investigative agents of the Government, short of a general warrant to conduct an unlimited exploratory investigation, which is prohibited by the Fourth Amendment to the United States Constitution.

4. Normal Surveillance of the target Defendants(s) named in the Application(s) and of the premises was possible and practicable and could easily have been effected by normal means; and all of the statements in the Application(s) to the contrary are knowingly false, untrue, and deceptive, thus constituting an illegal imposition upon the Court, and a misuse of official authority so grave as to totally invalidate any interception Orders issued on the basis of such patently false averments.

5. Because no wiretap can lawfully be ordered, consistent with the Fourth Amendment's constitutional limitations, against any particularly identified persons and places, under circumstances where normal investigative procedures have been tried and failed, the wiretap Orders issued in the within cause on the basis of Affidavit(s) which describe under oath the success of normal investigative procedures, are void, as authorizing intrusions upon these Defendants' right of privacy and assured to them by the mandates of the Fourth and Fifth

Amendments to the United States Constitution.

6. The relevant statute and the law of this Circuit require that the application for the intercept of any electronic communication describe, with particularity, the facilities to be intercepted. 18 U.S.C. §2518 et seq., United States v. Rios, 495 U.S. 257 (1990).

7. The relevant statute further requires that prior to applying for the wiretap order, the Government must first obtain authorization to intercept the facility. 18 U.S.C. §2518 et seq.

8. The relevant law further requires that the contents of any wire, oral, or electronic communication must be immediately made available to the judge who had issued the order and sealed under the direction of that judge. United States v. Rios, 495 U.S. 257. This requirement has been applied as a means to reduce the likelihood that an electronic surveillance recording could be subject to tampering. Any failure to immediately present the record of electronic surveillance is in violation of the law, and the evidence derived therefrom should be suppressed.

9. The type of interception utilized by the Government in this case went beyond the scope of the application. Pursuant to 18 U.S.C. § 2518(a)(b)(iii), no order of interception can be issued unless the application contains "a particular description of the type of communications sought to be intercepted." The Order is without jurisdiction and void, together with all evidence of calls to other numbers and persons.

10. The alleged evidence against these Defendants – which largely consists of consensually recorded conversations between each of the Defendants and "CW-1" (See Indictment) – is inextricably interwoven in the illegally obtained wiretap Orders stemming from an unrelated indictment that was before Judge Daniels (It is our belief the same informant was used in the other case). The evidence must therefore be suppressed.

WHEREFORE, it is respectfully requested that orders issue granting the Defendants the relief sought in the within motion, and for such other and further relief as may be just and proper.

Dated: Bronx, New York
January 16, 2014

Respectfully submitted,

/s/
MURRAY RICHMAN, ESQ.

/s/
MATHEW MARI, ESQ.

/s/
JOSHUA L. DRATEL, ESQ.[1]

---

[1] The instant motion exclusively addresses whether all intercepted wire and oral communications obtained by unlawful electronic surveillance should be suppressed as to the above-captioned defendants. Joshua L. Dratel, Esq., will be filing additional pre-trial motions on behalf of Stephen Basciano. Murray Richman, Esq., and Mathew Mari, Esq. respectfully request to join those portions of the motion, which directly affects Vincent Basciano, Jr., and Joseph Basciano.