UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
                              :

UNITED STATES OF AMERICA,       :                13 Cr. 340 (RJS)
                              :

          – *against* –       :
                              :

STEPHEN BASCIANO,          :
                              :

               Defendant.      :
                              :
-------------------------------------------------------x


MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT STEPHEN BASCIANO'S
PRETRIAL MOTIONS PURSUANT TO RULE 12(b), FED.R.CRIM.P.

JOSHUA L. DRATEL
LAW OFFICES OF JOSHUA L. DRATEL, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732 - 0707
jdratel@joshuadratel.com

*Attorneys for Defendant Stephen Basciano*


- *Of Counsel* -

Joshua L. Dratel
Whitney G. Schlimbach

TABLE OF CONTENTS

Table of Contents. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Authorities. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT

POINT I

STEPHEN BASICANO SHOULD BE GRANTED A
SEVERANCE BECAUSE JOINDER OF THE CHARGE
AGAINST HIM WITH THE OTHER COUNTS IN THE
INDICTMENT IS IMPROPER PURSUANT TO RULE 8(b),
FED.R.CRIM.P., AS THE INDICTMENT DOES NOT
ALLEGE THE OTHER COUNTS ARE PART OF THE
"SAME SERIES OF ACTS OR TRANSACTIONS" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    *The Indictment Fails to Allege Facts Demonstrating*
             *That the Four Conspiracy Counts Share a "Substantial*
             *Identity of Facts or Participants".* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    *The Indictment Fails to Allege Facts Sufficient to Demonstrate*
             *That the Four Conspiracy Counts "Arise Out of a Common Plan or Scheme".* . . . . . . . . 4

POINT II

STEPHEN BASCIANO SHOULD BE GRANTED A
SEVERANCE PURSUANT TO RULE 14, FED.R.CRIM.P.,
BECAUSE A JOINT TRIAL WILL RESULT IN
"PREJUDICIAL SPILLOVER" AND CONFUSION THAT
WOULD NOT BE OUTWEIGHED BY CONSIDERATIONS OF
EITHER  JUDICIAL ECONOMY OR FAIRNESS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.    *The Legal Standard for Severance Pursuant to Rule 14.* . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    *Stephen Basciano Should Be Granted a Severance Pursuant*
             *to Rule 14(a) Because the Prejudice Resulting From Spillover*
             *and Confusion During a Joint Trial Will Deny Him a Fair Trial.* . . . . . . . . . . . . . . . . . . . 8

1.      *The Quantity of the Evidence Against Stephen's Co-Defendants
        That Will Be Inadmissible Against Stephen Creates
        "Prejudicial Spillover" and Confusion Mandating
        Severance of His Trial from That of His Co-Defendants* . . . . . . . . . . . . . . . . . . . . 9

2.      *The Similarity of the Evidence Necessary to
        Demonstrate the Existence of the Four Conspiracies
        Charged in the Indictment Will Substantially Impede the
        Jury's Ability to Compartmentalize the Evidence
        Admissible Against Each Defendant, Resulting In
        Prejudicial Confusion and Spillover.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3.      *The Fact that Three of the Five Charged Defendants,
        Including Stephen, Are Brothers Will Unfairly Exacerbate
        the Risk of Prejudicial Spillover In a Joint Trial.* . . . . . . . . . . . . . . . . . . . . . . . 12

C.      *Stephen Basciano Will Be Prejudiced By Any Evidence Admitted
        Against His Co-Defendants Pursuant to Rules 404(b) or 609, Fed.R. Evid.* . . . . . . . . . . . 13

D.      *Stephen Basicano Reserves the Right to Supplement His Motion for
        Severance With Respect to the Potential for Incurable Problems
        Resulting from Co-Defendant Statements and* Bruton v. United States. . . . . . . . . . . . . 14

E.      *Judicial Economy Will Not Be Impaired By Severance.* . . . . . . . . . . . . . . . . . . . . . . . 15

POINT III

THE COURT SHOULD COMPEL THE
GOVERNMENT TO PRODUCE THE
REQUESTED BILL OF PARTICULARS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

POINT IV

STEPEN BASCIANO JOINS IN HIS
CO-DEFENDANTS' MOTIONS TO
THE EXTENT  THEY BENEFIT HIM. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18


Conclusion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TABLE OF AUTHORITIES

CASES

*Bruton v. United States*, 391 U.S. 123 (1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Crawford v. Washington*, 541 U.S. 36 (2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Kotteakos v. United States*, 328 U.S. 750 (1946).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Richardson v. Marsh*, 481 U.S. 200 (1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Aquart*, ___ F. Supp.2d ___, 2010 WL 3211074 (D.Conn. August 13, 2010). . 11

*United States v. Attanasio*, 870 F.2d 809 (2d Cir. 1989). . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Birkett*, ___ F. Supp.2d ___,
        1999 WL 689992 (S.D.N.Y. September 2, 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Branham*, ___ F. Supp. ___, 1987 WL 12252 (D.Del. June 5, 1987). . . . . . . . 12

*United States v. Branker*, 395 F.2d 881 (2d Cir. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Cambindo-Valencia*, 609 F.2d 603 (2d Cir. 1979). . . . . . . . . . . . . . . . . . . . 10

*United States v. Castellano*, 610 F. Supp. 1359 (S.D.N.Y. 1985). . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Catapano*, ___ F. Supp.2d ___, 2008 WL 2222013 (E.D.N.Y. 2008). . . . . . . . . 8

*United States v. Corr*, 543 F.2d 1042 (2d Cir. 1976).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Dacunto*, ___ F. Supp.2d ___, 2001 WL 13343 (S.D.N.Y. January 5, 2001). . . . 7

*United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Fields*, 347 Fed.Appx. 782 (3d Cir. 2009).. . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Figueroa*, 618 F.2d 934 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 13, 14

*United States v. Finkelstein,* 526 F.2d 517 (2d Cir. 1975).. . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*United States v. Gallo*, ___ F. Supp.2d ___, 1999 WL 9848 (S.D.N.Y. January 11, 1999). . . . 3, 4

*United States v. Gardell*, ___ F. Supp.2d ___,
    2001 WL 1135948 (S.D.N.Y. September 25, 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Gelzer*, 50 F.3d 1133 (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Girard*, 601 F.2d 69 (2d Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Gruttadauria*, 439 F. Supp.2d 240 (E.D.N.Y. 2006). . . . . . . . . . . . . . . . . . . 8

*United States v. Halper*, 590 F.2d 422 (2d Cir.1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*United States v. Hernandez*, 85 F.3d 1023 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . 7, 11

*United States v. Hernandez*, 952 F.2d 1110 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Jass*, 569 F.3d 47 (2d Cir. 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Lech*, 161 F.R.D. 255 (S.D.N.Y. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5

*United States v. Mardian*, 546 F.2d 973 (2d Cir. 1976). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. McDermott*, 245 F.3d 133 (2d Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Menashe*, 741 F. Supp. 1135 (S.D.N.Y. 1990). . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Nachamie*, 91 F. Supp.2d 565 (S.D.N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . 17

*United States v. Nersesian*, 824 F.2d 1294 (2d Cir. 1987). . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Ohle*, 678 F. Supp.2d 215 (S.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United States v. Praetorius*, 462 F. Supp. 924 (S.D.N.Y. 1978). . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Rajaratnam*, 753 F. Supp.2d 299 (S.D.N.Y. 2010). . . . . . . . . . . . . . . . . . . . 3, 4

*United States v. Ramos*, ___ F. Supp.2d ___, 2009 WL 1619912 (S.D.N.Y. June 5, 2009). . . . . 12

*United States v. Rigas*, 281 F. Supp.2d 660 (S.D.N.Y. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Rittweger*, 524 F.3d 171 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

*United States v. Rosenwasser*, 550 F.2d 806 (2d Cir. 1977). . . . . . . . . . . . . . . . . . . . . . . . . . 14

iv

*United States v. Salameh*, 152 F.3d 88 (2d Cir. 1998).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Shuford*, 454 F.2d 772 (4th Cir. 1971).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Siegel*, 717 F.2d 9 (2d Cir. 1983).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*United States v. Sperling*, 506 F.2d 1323 (2d Cir. 1979).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*United States v. Szur*, ___ F. Supp. ___, 1998 WL 132942 (S.D.N.Y. March 20, 1998). . . . . . . 9

*United States v. Turoff*, 853 F.2d 1037 (2d Cir. 1988). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994). . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Werner*, 620 F.2d 922 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*United States v. Yaron*, ___ F. Supp.2d ___, 2011 WL 3279054 (S.D.N.Y. July 28, 2011).. . . 3, 4

## STATUTES

U.S. Const. Amend. X. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

U.S. Const. Amend. XI. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

21 U.S.C. §841(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. §841(b)(1)(B). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

21 U.S.C. §846.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 8(b), Fed.R.Crim.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5

Rule 14, Fed.R.Crim.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5, 10

Rule 14(a), Fed.R.Crim.P.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

Rule 403, Fed.R.Evid.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Rule 404(b), Fed.R.Evid.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

Rule 609, Fed.R.Evid.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 13

## Introduction

This Memorandum of Law is submitted on behalf defendant Stephen Basciano, and in support of his pretrial motions for severance – pursuant to either (or both) Rule 8(b), Fed.R.Crim.P. and Rule 14, Fed.R.Crim.P. – and for a Bill of Particulars.  In addition, Stephen Basciano joins in his co-defendants' motions to the extent they benefit him.

## Statement of the Facts

Stephen Basciano (who will be referred to in this Memo of Law as "Stephen" or "Stephen Basciano" to distinguish him from his two brothers who are also defendants in this Indictment) is charged in one count – Count Two – of a four count Indictment.  *See* September 17, 2013, Indictment, attached as Exhibit 1 to the January 17, 2014, Declaration of Joshua L. Dratel, Esq. That Count charges a violation of 21 U.S.C. §841(a)(1), (b)(1)(B) and 21 U.S.C. §846, alleging that Stephen Basciano participated with "others known and unknown," in a conspiracy to possess with intent to distribute 100kg or more of a substance containing marijuana, and in furtherance of this conspiracy, Stephen had two conversations on March 16 and April 4, 2013, with "CW-1" concerning marijuana shipments.  Stephen is the only defendant charged in Count Two.

Three other counts charge similar conspiracies against Stephen's two brothers, Vincent Basciano, Jr. (Count One), and Joseph Basciano (Count Four), as well as against Elon Valentine (Count Four) and George Kokenyei (Count Three), the other defendants in the Indictment. Except for Count Four, which charges Joseph Basciano and Elon Valentine with conspiring together, the other counts charge each defendant separately and individually with violating 21 U.S.C. §841(a)(1), (b)(1)(B) and 21 U.S.C. §846.

1

**POINT I**

**STEPHEN BASICANO SHOULD BE GRANTED A
SEVERANCE BECAUSE JOINDER OF THE CHARGE
AGAINST HIM WITH THE OTHER COUNTS IN THE
INDICTMENT IS IMPROPER PURSUANT TO RULE 8(b),
FED.R.CRIM.P., AS THE INDICTMENT DOES NOT
ALLEGE THE OTHER COUNTS ARE PART OF THE
"SAME SERIES OF ACTS OR TRANSACTIONS"**

Count Two, the only count alleged against Stephen Basciano, and in which he is the only

defendant charged, is, under the standards imposed by Rule 8(b), Fed.R.Crim.P., improperly

joined with the other Counts because the four conspiracies charged lack any relationship,

common facts, or participants.  Rule 8(b) prescribes that the determination whether joinder is

proper is entirely dependent on what is "'alleged' in the 'indictment.'"  *United States v.*

*Rittweger*, 524 F.3d 171, 178 (2d Cir. 2008) (noting that "this understanding is confirmed by the

Supreme Court's decision in *Schaffer v. United States* . . . and comports with [the Second

Circuit's] prior application of Rule 8(b)") (citations omitted).

Rule 8(b) permits joinder only if the crimes charged are part of the "same series of acts or

transactions."  Rule 8(b), Fed. R. Crim. P.  In *Rittweger* the Second Circuit interpreted Rule 8(b)

to allow joinder "where two or more persons' criminal acts are 'unified by some substantial

identity of facts or participants,' or 'arise out of a common plan or scheme.'"  524 F.3d at 177,

*quoting United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989).

Whether joinder is appropriate under Rule 8(b) is a factual determination made on a case-

by-case basis, and governed by a "commonsense" balancing of the prejudice that would result

from joinder against the economy and efficiency of a joint proceeding.  *Id.*, *quoting United States*

*v. Turoff*, 853 F.2d 1037, 1044 (2d Cir. 1988).

2

Here, application of Rule 8(b)'s requirements compels the conclusion that joinder of Count Two against Stephen in this Indictment is improper.

**A.      *The Indictment Fails to Allege Facts Demonstrating That the Four Conspiracy Counts Share a "Substantial Identity of Facts or Participants"***

In order to establish that the separate counts share a "substantial identity of facts or participants," an indictment must allege, at a minimum, that the defendants "participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *United States v. Yaron*, ___ F. Supp.2d ___, 2011 WL 3279054, at *7 (S.D.N.Y. July 28, 2011), *quoting Rittweger*, 524 F.2d at 178.  Without a more substantial connection between the alleged criminal activity, the mere similarity of the charges, even in combination with overlapping defendants, is insufficient to establish proper joinder under Rule 8(b).  *See United States v. Rajaratnam*, 753 F. Supp.2d 299, 308 (S.D.N.Y. 2010);  *see also United States v. Lech*, 161 F.R.D. 255, 256 (S.D.N.Y. 1995).

Here, the Indictment alleges four conspiracies involving a controlled substance containing traces of marijuana, occurring over similar, but not entirely overlapping, time periods.  However, none of the five defendants is charged in more than one conspiracy, and the only common participant alleged across any of the four conspiracy counts is an uncharged cooperating witness. Therefore, the indictment simply does not contain sufficient common facts or participants to render joinder permissible under Rule 8(b).  *See Yaron*, 2011 WL 3279054, at *8;  *see also United States v. Gallo*, ___ F. Supp.2d ___, 1999 WL 9848, at *3-4 (S.D.N.Y. January 11, 1999).

In *Gallo*, the membership in each of two conspiracies alleged in the indictment was distinct, and despite the fact that both conspiracies targeted the same victim and the time period

of the conspiracies overlapped to some extent, the Court held that the indictment did "not recite any facts that indicate[d] a connection between the two conspiracies."  1999 WL 9848, at *3-4.

Similarly, in *Yaron*, the Court held that the indictment, which charged two fraud conspiracies, did not allege sufficient overlapping facts and participants under Rule 8(b), even though two defendants were charged in both conspiracy counts, which were directed at the same victim, and occurred over substantially the same period.  2011 WL 3279054, at *8.

Here, the Indictment fails even to include common features that were found *in*sufficient in *Gallo* and *Yaron*.  Thus, under Rule 8(b), joinder is improper.

**B.**   ***The Indictment Fails to Allege Facts Sufficient to Demonstrate That the Four Conspiracy Counts "Arise Out of a Common Plan or Scheme"***

In addition, the Indictment herein fails to demonstrate that the four marijuana conspiracies "[arose] out of a common plan or scheme," because the allegations in the Indictment "amount to little more than that [the] defendants separately conspired to commit the same offense."  *Yaron*, 2011 WL 3279054, at *8.  In order to establish that the conspiracies have a common purpose or goal, the indictment must provide a link sufficient to establish that "one scheme stemmed from the other [or] one scheme is part and parcel of the other."  *Rajaratnam*, 753 F. Supp.2d at 304.

This link between charged offenses, essential to satisfy Rule 8(b), may be demonstrated by facts indicating that "commission of the offenses []either depended upon []or necessarily led to the commission of the other," or "proof of the one act []either constituted []or depended upon proof of the other."  *United States v. Halper*, 590 F.2d 422, 429 (2d Cir.1978).  Alternatively, if an indictment shows that two conspiracies "intertwined" with each other by, for instance,

charging an overarching conspiracy or some indication that the defendants were aware of or participated in the alleged crimes of their co-defendants, the standard for joinder under Rule 8(b) can be met. *See United States v. Ohle*, 678 F. Supp.2d 215, 225 (S.D.N.Y. 2010); *see also United States v. Menashe*, 741 F. Supp. 1135, 1138 (S.D.N.Y. 1990).

However, when, as here, the Indictment alleges four different conspiracies, albeit of a similar character but without any overlapping defendants or even facts indicating that any defendant was aware of the alleged criminal activities of the others, a common plan or scheme on which to base joinder under Rule 8(b) simply does not exist. *See Lech*, 161 F.R.D. at 257-58. Accordingly, the Indictment has not alleged sufficient facts to permit joinder under Rule 8(b), and Count Two against Stephen Basciano should be severed.

**POINT II**
**STEPHEN BASCIANO SHOULD BE GRANTED A**
**SEVERANCE PURSUANT TO RULE 14, FED.R.CRIM.P.,**
**BECAUSE A JOINT TRIAL WILL RESULT IN**
**"PREJUDICIAL SPILLOVER" AND CONFUSION THAT**
**WOULD NOT BE OUTWEIGHED BY CONSIDERATIONS OF**
**EITHER  JUDICIAL ECONOMY OR FAIRNESS**

Even assuming *arguendo* joinder is proper pursuant to Rule 8(b), the Court should exercise its discretion under Rule 14(a), Fed.R.Crim.P., sever Count Two against Stephen Basciano.  Here, a joint trial would not only exponentially increase the complexity of prosecuting four distinct marijuana conspiracies, but would also deny Stephen (and his co-defendants) a fair trial, particularly in light of the similarity of the offenses charged and the familial relationship existing between three of the five defendants.

The Fifth Amendment's Due Process clause and Rule 14, Fed.R.Crim.P., independently and in tandem protect a defendant from a joint trial if undue prejudice will result.  In this case,

Stephen Basciano will suffer overwhelming and incurable prejudice if he is tried jointly with his co-defendants. As detailed below, the reasons for a severance are varied and compelling:

    (a)    the volume and nature of evidence which will be inadmissible against Stephen Basciano in light of the four separate conspiracies charged in the indictment;

    (b)    the confusion and prejudice that will result from a joint trial of Stephen and two of his brothers;

    (c)    the potential prejudice that would flow from evidence introduced against Stephen's co-defendants pursuant to Rule 404(b), Fed.R.Evid. (prior similar acts), and/or Rule 609, Fed.R.Evid. (prior convictions or bad acts); and

    (c)    potential prejudice generated by statements of co-defendants that might implicate Stephen.

These sources of prejudice, either separately or in combination, would subject Stephen Basciano to a magnitude of "prejudicial spillover" that neither he nor the jury will be able to overcome with respect to the requisite particularized determination whether Stephen is or is not guilty of the charge against him.

## A.    *The Legal Standard for Severance Pursuant to Rule 14*

In order to show that severance is justified pursuant to Rule 14, a defendant bears the burden of demonstrating that joinder will result in "substantial prejudice" to the extent that he would be denied a fair trial. *See United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980). Generally, joint trials are preferred because requiring multiple proceedings in which prosecutors are "presenting the same evidence again and again, [and] requiring victims and witnesses to repeat the inconvenience . . . of testifying," undermines judicial economy. *Richardson v. Marsh*,

481 U.S. 200, 210 (1987);  *see also United States v. Dacunto*, ___ F. Supp.2d ___, 2001 WL 13343, at *3-4 (S.D.N.Y. January 5, 2001).  Determining the appropriate balance between the defendant's interest in a fair trial and the efficiency of the proceedings, falls squarely within the discretion of the trial judge.  *See United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987).

One of the ways in which a particular defendant is prejudiced by a joint trial is when "proof inadmissible against a defendant becomes part of his trial solely due to the presence of co-defendants as to whom admission is proper."  *United States v. Salameh*, 152 F.3d 88, 115 (2d Cir. 1998).  Thus, although one of the necessary evils of a joint trial is the presence of evidence inadmissible against one or more defendants, there is a point at which the risk that a jury will "be called upon to perform humanly impossible feats of mental dexterity" is too high to allow joinder.  *United States v. McDermott*, 245 F.3d 133, 139-40 (2d Cir. 2001).

Also, although courts are often able to craft limiting instructions sufficient to protect a defendant from the prejudicial effect of spillover or confusion, the particular combination of factors in this case defy any such instructions, and consequently warrant the remedy of severance. *See e.g. United States v. Figueroa*, 618 F.2d 934, 946 (2d Cir. 1980) ("limiting instructions cannot be regarded as a guaranty against prejudice; the risk of prejudice to co-defendants despite limiting instructions has been specifically noted by this Court").

For example, when the volume, complexity, or homogeneity of the evidence in a joint trial reaches a point that it "affects the jury's ability fairly and rationally to evaluate the evidence" of each defendant's guilt, severance should be granted.  *United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996).

Thus, "deliberating independently on . . . closely related conspiracy charges – which nevertheless involve different agreements, different time periods and even different participants – would pose a substantial challenge that might 'prevent the jury from making a reliable judgment about guilt.'"  *United States v. Catapano*, ___ F. Supp.2d ___, 2008 WL 2222013, at *17 (E.D.N.Y. 2008),  *quoting United States v. Gruttadauria*, 439 F. Supp.2d 240, 253 (E.D.N.Y. 2006).

Here, the indictment charges four separate conspiracies, but does not indicate that Stephen Basciano participated in the conspiracies charged against his co-defendants.  Nor does the indictment provide any factual basis for the existence of a single overarching conspiracy.  In addition to the amount of evidence that a jury would be required to compartmentalize among five defendants, the fact that the four charged offenses have the same legal elements and involve similar types of proof – apparently from the same cooperating witness – will further complicate the task of reliably determining the guilt of each individual defendant.  Moreover, the risk of guilt by association will be vastly increased by the fact that three of the defendants are brothers, even though none are charged in the same conspiracy.

**B.**      ***Stephen Basciano Should Be Granted a Severance Pursuant to Rule 14(a) Because the Prejudice Resulting From Spillover and Confusion During a Joint Trial Will Deny Him a Fair Trial***

Since the indictment does not allege that Stephen Basciano conspired with any of his co-defendants, presumably most, if not all, of the evidence presented in support of the three marijuana conspiracies in which he is not charged would be inadmissible against him.  Severance is required if the character of the evidence against one defendant creates "prejudicial spillover" against another, thereby increasing the possibility that the jury will infer one defendant's guilt

based on the "enhanced likelihood of the guilt of the other defendant." *Figueroa*, 618 F.2d at 946; *see also United States v. Szur*, ___ F. Supp. ___, 1998 WL 132942, at *13 (S.D.N.Y. March 20, 1998).

In addition to the sheer volume of evidence which would be inadmissible as to Stephen, the unavoidable similarity of the evidence presented to establish four offenses of the same essential nature, would so complicate the task of ensuring a jury considered only the relevant evidence against each defendant, that a joint trial inevitably would result in prejudicial spillover and confusion.

In addition, the fact that the same cooperating witness will be offering testimony against each defendant charged in the separate conspiracies amplifies substantially the danger that the jury will infer one defendant's guilt based on the "enhanced likelihood of the guilt of the other defendant." *Figueroa*, 618 F.2d at 946.  The cooperating witness's credible testimony against another defendant would have the definite capacity to persuade the jury to believe weak or marginal testimony against Stephen.  As a result, severance is the only solution that will ensure Stephen a fair trial.

> **1.** ***The Quantity of the Evidence Against Stephen's Co-Defendants That Will Be Inadmissible Against Stephen Creates "Prejudicial Spillover" and Confusion Mandating Severance of His Trial from That of His Co-Defendants***

When, as here, the overlap of evidence, if any, is minimal, a joint trial will involve the government presenting substantial amounts of evidence that will be inadmissible against Stephen Basciano.  Although the burden under Rule 14(a) is demanding, it has largely developed in the context of trials in which "there is some connection between the alleged conspiracy and the

counts that charge [the defendant] alone such that some overlap of evidence can be anticipated at [a joint] trial." *United States v. Birkett*, ___ F. Supp.2d ___, 1999 WL 689992, at *9 (S.D.N.Y. September 2, 1999).

Consequently, a gulf in the evidence against co-defendants is by itself a well-recognized ground for severance particularly when "there [would be] simply too much other evidence offered of entirely separate actions and unconnected defendants, fanning the flames of prejudicial spillover." *United States v. Cambindo-Valencia*, 609 F.2d 603, 629 (2d Cir. 1979); *see also United States v. Mardian*, 546 F.2d 973 (2d Cir. 1976); *United States v. Corr*, 543 F.2d 1042, 1052 (2d Cir. 1976); *United States v. Branker*, 395 F.2d 881 (2d Cir. 1968); *United States v. Praetorius*, 462 F. Supp. 924 (S.D.N.Y. 1978).

In addressing applications for severance sought pursuant to Rule 14, courts have recognized that joint trials may precipitate extreme prejudice necessitating a severance if there exists danger that the quality and quantity of proof against one defendant is much greater than that offered against any co-defendant(s).

2.    ***The Similarity of the Evidence Necessary to Demonstrate the Existence of the Four Conspiracies Charged in the Indictment Will Substantially Impede the Jury's Ability to Compartmentalize the Evidence Admissible Against Each Defendant, Resulting In Prejudicial Confusion and Spillover***

In order to prove the existence of four conspiracies of essentially the same character in one proceeding, the government's proof will be of such a similar nature as to substantially increase the risk of jury confusion and prejudicial spillover. The jury's task of separating the considerable amount of evidence inadmissible with respect to a particular defendant is made exponentially more difficult by the similarity of the proof required to show the existence of each

conspiracy – including testimony by the same cooperating witness.

Unsurprisingly, in concluding that "evidence relating to each could be presented without any confusion or spillover effect[,]" courts often cite the fact that charges against a single defendant are "adequately distinct" from the charges against other defendants.  *Hernandez*, 85 F.3d at 1029; *see also United States v. Fields*, 347 Fed.Appx. 782, 786 (3d Cir. 2009) (distinctiveness between gun possession and narcotics charges enabled jury to "compartmentalize the evidence").

For example, in *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994), the Court held severance to be appropriate under Rule 14(a) with respect to defendants charged with criminal activity in an Atlanta airport.  *Id.*, at 736.  None of the "Atlanta defendants" were charged in counts related to other charges of criminal activity occurring at JFK Airport, and the Court concluded that because the acts alleged to have occurred at the two airports were "similar in kind[,] the jury . . . [might] find it difficult to distinguish the evidence relating to the Atlanta defendants from that relating to the others."  *Id*.

Similarly, in *United States v. Aquart*, ___ F. Supp.2d ___, 2010 WL 3211074 (D.Conn. August 13, 2010), the defendant moved to sever a count alleging possession of crack outside the time frame of the charged crack conspiracy, although the possession count was held to be properly joined pursuant to Rule 8(b) because the defendant was also charged in the underlying narcotics conspiracy counts.  *Id*., at *8.  The Court granted the severance motion because the "substantial potential that a jury [would] improperly conclude a connection" between the possession count and the defendant's participation in the larger conspiracy could not be sufficiently ameliorated by jury instructions.  *Id*.

11

Finally, in *United States v. Ramos*, ___ F. Supp.2d ___, 2009 WL 1619912 (S.D.N.Y. June 5, 2009), the Court severed three counts related to a heroin conspiracy charged against a defendant who was also charged in a much larger Hobbs Act conspiracy to rob drug dealers. *Id.*, at *2. The Court concluded the risk of prejudice resulting from spillover and confusion was too substantial to join even "temporally distinct charges regarding significant transactions in a different type of narcotics" in light of the "drug-related aspects" of the robbery conspiracy. *Id.*

### 3. *The Fact that Three of the Five Charged Defendants, Including Stephen, Are Brothers Will Unfairly Exacerbate the Risk of Prejudicial Spillover In a Joint Trial*

In addition to the fact that there will be very little else to distinguish the defendants from each other, in light of the similarity of the counts in the indictment, and the same cooperating witness, the family relationship between three of the five defendants further aggravates the risk that a jury will be unable to assess the evidence related to each defendant separately. *See, e.g., United States v. Branham*, ___ F. Supp. ___, 1987 WL 12252, at *4 (D.Del. June 5, 1987) (although the "similarity of the names" might be a problem, severance was not warranted because "the different roles played by each of the defendants will make it easier to compartmentalize the evidence").

Although the fact that three of five defendants share a last name and a close family relationship – they are brothers – does not alone raise such a substantial risk of prejudice that severance is warranted, *see United States v. Rigas*, 281 F. Supp.2d 660, 673 (S.D.N.Y. 2003); *see also United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991), the other factors – the same charge but in a distinct conspiracy, similar type of evidence, the same cooperating witness – all combine to magnify the problem of familial relationship to the extent that it will create an

unacceptable risk of prejudice and confusion.  Consequently, severance is required for Stephen.

**C.**     ***Stephen Basciano Will Be Prejudiced By Any Evidence Admitted***
           ***Against His Co-Defendants Pursuant to Rules 404(b) or 609, Fed.R. Evid.***

In addition to the evidence regarding the other charged conspiracies that would be inadmissible against Stephen Basciano because he was not charged in three of the four conspiracies in the indictment, he risks not only prejudice stemming from any of his own prior convictions or other acts evidence that might be admitted pursuant to Rule 404(b), Fed.R.Evid., or Rule 609, Fed.R.Evid. (for impeachment purposes), but also "prejudicial spillover" from any Rule 404(b) or Rule 609 evidence of prior convictions or other acts properly admitted against his numerous co-defendants.  The jury's task of compartmentalizing this evidence will be made all the more difficult by the fact that three of the defendants, including Stephen, are brothers, as that uncharged conduct could very well be attributed to Stephen (by the jury).

In order to be admissible, evidence of a defendant's prior bad acts under Rule 404(b) "must be relevant to some disputed issue at trial . . . and its probative value must not be substantially outweighed by the risk of unfair prejudice."  *Figueroa*, 618 F.2d at 939;  *see also* Federal Rule of Evidence 403.  It has long been recognized that "there are few areas in which it is as important for [the] court to keep a watchful eye as on the admissibility of similar offenses in a case involving more than a single defendant."  *Id.*, at 944.

Consequently, in a joint trial, evidence admissible under Rule 404(b) against one defendant, must also be assessed for its prejudicial impact on his co-defendants.  *See United States v. Gelzer*, 50 F.3d 1133, 1140 (2d Cir. 1995) ("[w]here allegedly prejudicial evidence is admitted solely against one defendant in a multi-defendant trial, the prejudice this might cause to

his co-defendants is an appropriate consideration for Rule 403 balancing").

In the unique setting of a joint trial, a court must weigh the prejudicial impact of the prior act evidence on all defendants against the likely effectiveness of a limiting instruction to determine whether the evidence is admissible in a joint proceeding. *Figueroa*, 618 F.2d at 946. Particularly relevant in this analysis is whether the prior acts evidence "tends to prove directly, or even by strong implication, that the co-defendants also participated in the prior act." *Id*., at 946 *citing United States v. Rosenwasser*, 550 F.2d 806, 808-09 (2d Cir. 1977); *see also United States v. Gardell*, ___ F. Supp.2d ___, 2001 WL 1135948, at *8 (S.D.N.Y. September 25, 2001).

Given the close family relationship between three of the defendants, there is a strong likelihood that prior acts evidence related to any one of the Basciano brothers will either directly or indirectly implicate another of the brothers, resulting in unacceptably prejudicial spillover. *See Gardell*, 2001 Wl 1135948, at *8 ("[t]he spillover effect in this . . . scenario may render a limiting instruction ineffective," resulting in either exclusion of the prejudicial evidence or severance of the prejudiced defendants).

**D.**    ***Stephen Basciano Reserves the Right to Supplement His Motion for Severance With Respect to the Potential for Incurable Problems Resulting from Co-Defendant Statements and* Bruton v. United States**

Currently, counsel does not know whether any of Stephen Basciano's co-defendants has made incriminating statements implicating Stephen (and which the government seeks to introduce at trial). As a result, Stephen  reserves the right to supplement this motion for severance if and when counsel becomes aware that such evidence exists.

In addition to the substantial prejudicial effect of spillover and confusion, severance would be warranted on the basis that a joint trial would deny him the right of confrontation under

14

the Sixth Amendment, as defined in *Bruton v. United States*, 391 U.S. 123, 135 (1968).  *See also United States v. Jass*, 569 F.3d 47, 55-56 (2d Cir. 2009).  In *Bruton*, the Supreme Court recognized that in a joint trial limiting instructions are insufficient to remedy the Sixth Amendment deprivation resulting from admitting a non-testifying co-defendant's extrajudicial statement inculpating the defendant.  *Bruton*, 391 U.S. at 135-37.

Custodial or other similar statements by co-defendants that implicate Stephen Basciano would present potential *Bruton* and *Crawford* Sixth Amendment confrontation problems that would incurably infect a joint trial.  *See Bruton v. United States*, 391 U.S. 123 (1968);  *Crawford v. Washington*, 541 U.S. 36 (2004).

**E.       *Judicial Economy Will Not Be Impaired By Severance***

Also, here there are not any countervailing considerations of judicial economy that would outweigh the immense prejudice Stephen Basciano faces, or which would justify a joint trial. While conducting more than one trial will in almost all cases result in some increase in time, "the fact that it is usually more efficient to try . . . defendants together rather than separately does not always outweigh a defendant's interest in a severance."  *United States v. Siegel*, 717 F.2d 9, 22 (2d Cir. 1983).

In performing this balancing test, the courts have examined several factors.  It is appropriate to consider the timeliness of the motion, *id.*, 717 F.2d at 22, and whether a severance would require "two relatively uncomplicated trials in place of one – not an undue burden from the viewpoint of judicial administration" – or "a great number of otherwise unnecessary trials or the duplication of an unusually complex trial."  *United States v. Shuford*, 454 F.2d 772, 777 n. 5 (4th Cir. 1971); *see also United States v. Finkelstein,* 526 F.2d 517, 524 (2d Cir. 1975).  In

15

addition, the presumption favoring joint trials is "strengthened, where...'the crime[s] charged involved a common scheme or plan," or "where proof of many elements of the charges against all the defendants is based upon the same evidence and acts." *United States v. Girard*, 601 F.2d 69, 72 (2d Cir. 1979); *United States v. Castellano*, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985).

Here, these considerations all weigh in Stephen's favor.  A separate trial for Stephen Basciano would be shorter and less complicated, especially given the many accusations against his co-defendants that do not relate to him.  Moreover, any diminution of judicial economy is far outweighed by the substantial considerations, set forth **ante**, warranting severance.

Moreover, the government's routine invocation of "judicial economy" as a code phrase for "convenience" is *not* an adequate justification for joinder.  *United States v. Sperling*, 506 F.2d 1323 (2d Cir. 1979).  As the Supreme Court made clear in *Kotteakos v. United States*:

> [o]ur government is not one of mere convenience or efficiency.  It too has a stake, with every citizen, in his being afforded our historic individual protections, including those surrounding criminal trials.

328 U.S. 750, 772-73 (1946).

In light of these compelling considerations supporting a severance, and in the absence of any countervailing justification for a joint trial with his co-defendants, it is respectfully submitted that Stephen Basciano should not be exposed to the certain substantial and unfair prejudice that will result from a joint trial, and should instead be granted a severance.

## POINT III
## THE COURT SHOULD COMPEL THE
## GOVERNMENT TO PRODUCE THE
## REQUESTED BILL OF PARTICULARS

As the Second Circuit has explained, a Bill of Particulars achieves two discrete

objectives:

> [a] bill is appropriate to permit a defendant "to identify with
> sufficient particularity the nature of the charge pending against
> him, thereby enabling defendant to prepare for trial, to prevent
> surprise, and to interpose a plea of double jeopardy should he be
> prosecuted a second time for the same offense."

*United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988), *quoting United States v.*

*Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987).  *See also United States v. Nachamie*, 91 F.

Supp.2d 565, 570 (S.D.N.Y. 2000) (*quoting Bortnovsky*, 820 F.2d at 574) (ordering a Bill of

Particulars).

These two salutary purposes are implicated quite clearly with respect to Mr. Basciano.

Without further elucidation of the generic descriptions of the charges against him in the

Indictment, not only will Mr. Basciano be unable to prepare his defense, but the other purpose of

a Bill of Particulars – that of specifying offenses charged in order to define any possible future

claims of Double Jeopardy – cannot be achieved, either.  *See Davidoff*, 845 F.2d at 1154, (*citing*

*and quoting Bortnovsky*, 820 F.2d at 574).

Absent a Bill of Particulars, Mr. Basciano will be required to proceed to trial without

sufficient notice of precisely what charges he faces, and without ample time to identify and locate

witnesses and/or conduct a meaningful investigation of the offenses alleged.  In addition, the

presence of separate conspiracies in the Indictment, each of which charges a separate individual

17

defendant, amplifies the need for particulars with respect to the specific conspiracy, Count Two, charged against Mr. Basciano.  A Bill of Particulars' role in protecting a defendant against Double Jeopardy is particularly implicated in that respect.

In addition, it will also enable Mr. Basciano to prepare to defend the Count Two conspiracy – his only obligation, and his only exposure – rather than *all* of the conspiracies due to a lack of particulars.  Absent those particulars, Mr. Basciano's defense preparation would be impaired in a material manner in that regard.

Accordingly, it is respectfully submitted that the government should be required to provide Mr. Basciano with the Bill of Particulars set forth in the accompanying January 17, 2014 Declaration of Joshua L. Dratel, Esq.

## POINT IV

## STEPEN BASCIANO JOINS IN HIS CO-DEFENDANTS' MOTIONS TO THE EXTENT THEY BENEFIT HIM

Stephen Basciano also joins in those motions made by his co-defendants that inure to his benefit.

## Conclusion

Accordingly, for all the reasons set forth above, it is respectfully submitted that Stephen Basciano's motions for severance, a Bill of Particulars, and discovery, should be granted in their entirety.

Dated:  17 January 2014
        New York, New York

18

Respectfully submitted,

_____/S/ Joshua L. Dratel_____
Joshua L. Dratel
Joshua L. Dratel, P.C.
29 Broadway, Suite 1412
New York, New York 10006
(212) 732-0707
jdratel@joshuadratel.com

*Attorneys for Defendant Stephen Basciano*

*– Of Counsel –*

Joshua L. Dratel
Whitney G. Schlimbach