UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA             :

        -v.-                         :  **SUPERSEDING INDICTMENT**

                                      :  S7 13 Cr. 340 (RJS)

VINCENT BASCIANO, JR.,
STEPHEN BASCIANO,                    :
GEORGE KOKENYEI, and
JOSEPH BASCIANO,                     :

        Defendants.                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 3 0 2014

## COUNT ONE

The Grand Jury charges:

1. From at least in or about August 2009, up to and including in or about April 2013, in the Southern District of New York and elsewhere, VINCENT BASCIANO, JR., STEPHEN BASCIANO, GEORGE KOKENYEI, and JOSEPH BASCIANO, the defendants, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate the narcotics laws of the United States.

2. It was a part and an object of the conspiracy that VINCENT BASCIANO, JR., STEPHEN BASCIANO, GEORGE KOKENYEI, and JOSEPH BASCIANO, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

3. The controlled substance that VINCENT BASCIANO, JR., STEPHEN BASCIANO, GEORGE KOKENYEI, and JOSEPH BASCIANO, the defendants, and others known and unknown, conspired to distribute and possess with the intent to distribute was 1,000

kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(b)(1)(A).

        4.      In furtherance of the conspiracy and to effect the illegal object thereof, VINCENT BASCIANO, JR., STEPHEN BASCIANO, GEORGE KOKENYEI, and JOSEPH BASCIANO, the defendants, together with others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

        a.      On or about April 1, 2013, VINCENT BASCIANO, JR. had a conversation with an individual ("CW-1"), in which they discussed the price of marijuana from a supplier in California.

        b.      On or about April 7, 2013, VINCENT BASCIANO, JR. had a conversation with CW-1, in which VINCENT BASCIANO, JR. discussed the amount of marijuana he wished to purchase and stated that his marijuana distribution "route" sold 2 pounds of marijuana a week.

        c.      On or about March 16, 2013, STEPHEN BASCIANO had a conversation with CW-1 in which they discussed a missing shipment of marijuana.

        d.      On or about April 4, 2013, STEPHEN BASCIANO had a conversation with CW-1 in which they discussed when a shipment of marijuana was scheduled to arrive.

        e.      On or about March 11, 2013, KOKENYEI had a conversation with CW-1 in which they discussed when a shipment of marijuana was scheduled to arrive.

        f.      On or about April 9, 2013, KOKENYEI had a conversation with CW-1, in which KOKENYEI discussed traveling to California to arrange for a shipment of marijuana.

    g. On or about March 7, 2013, JOSEPH BASCIANO and a co-conspirator not named herein ("CC-1") met with CW-1 and discussed arrangements for JOSEPH BASCIANO to supply CW-1 with marijuana for a marijuana distribution "route."

    (Title 21, United States Code, Section 846.)

### FORFEITURE ALLEGATION

    5. As a result of committing the controlled substance offense alleged in Count One of this Indictment, VINCENT BASCIANO, JR., STEPHEN BASCIANO, GEORGE KOKENYEI, and JOSEPH BASCIANO, the defendants, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count One of this Indictment, including but not limited to a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count One of the Indictment.

### Substitute Asset Provision

    6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third person;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

    (Title 21, United States Code, Section 853.)

_____  
FOREPERSON

_____  
PREET BHARARA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

VINCENT BASCIANO, JR.,
STEPHEN BASCIANO,
GEORGE KOKENYEI, and
JOSEPH BASCIANO

Defendants.

---

INDICTMENT

S7 13 Cr. 340 (RJS)

(21 U.S.C. § 846)


PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

---

1/30/14 Fld. Superseding Indictment,
Pitman, USMJ