EXHIBIT 9

LAW OFFICES OF

## JOSHUA L. DRATEL, P.C.
A PROFESSIONAL CORPORATION

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
---
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: JDratel@JoshuaDratel.com

JOSHUA L. DRATEL                                                                                       STEVEN WRIGHT
—                                                                                                                 *Office Manager*
LINDSAY A. LEWIS
WHITNEY G. SCHLIMBACH

June 19, 2014

**BY ELECTRONIC MAIL**

Johnny Y. Kim
United States Probation Officer
Southern District of New York
500 Pearl Street
New York, New York 10007

           Re:    *United States v. Stephen Basciano,*
                    13 Cr. 340 (RJS)

Dear Officer Kim:

      This letter is in regard to above-entitled case, in which I represent defendant Stephen Basciano, and relates to the draft Pre-Sentence Report you have prepared in this case. The following constitute Mr. Basciano's proposed additions, corrections, and changes to the draft Report:

(1)    at ¶ 29, Joseph Basciano's name is mistakenly in **bold** (as Stephen Basciano is the subject of the draft Report):

(2)    at ¶ 44, regarding Mr. Basciano's statement of the offense, he relies upon his allocution at the time of his guilty plea. Regarding his acceptance of responsibility, he relies on that allocution as well as his prompt disposition of the case even before pretrial motions were decided. Also, in that paragraph, the first name of my associate, Lindsay A. Lewis, Esq., is misspelled;

(3)    regarding Mr. Basciano's Guidelines calculation, set forth at ¶¶ 45-55, it is respectfully submitted that Mr. Basciano should receive a two-point reduction in his offense level as a result of the amendment to Guidelines §2D1.1, approved April 30, 2014, by the United States Sentencing Commission. While the amendment does not formally take effect until November 1, 2014, Attorney

  General Eric H. Holder has directed that the government agree to apply the two-point reduction to persons sentenced after the Sentencing Commission's approval but before the official effective date of the amendment. Application of that two-point reduction would decrease Mr. Basciano's ultimate Guidelines offense level to 19, and his Guidelines range to 37-46 months;

(4)  at ¶ 60, the reference to the allegation that Mr. Basciano attempted to bribe the arresting officer should be deleted. Mr. Basciano was not charged with such conduct. Moreover, in the absence of any such charge, the existence of a recording of the event only reinforces the conclusion that such conversation did not occur;

(5)  at ¶ 62, the reference to an assault with a brick should be deleted. According to James Kousouros, Mr. Basciano's attorney in that case, Mr. Basciano was acquitted of the most serious allegation, *i.e.*, assault with a weapon. Mr. Basciano joins in that recollection. Also, the draft Report cites from an "arrest report," a hearsay document that should not be used to establish or even suggest any facts related to the offense. In fact, the only reason Mr. Basciano proceeded to trial in that case was because of the allegation that he used a brick during the course of the assault. Again, he was acquitted of that specific allegation, although he acknowledges he was convicted of, and did commit, the underlying assault;

(6)  in addition, with respect to ¶ 65, which asserts that Mr. Basciano committed the instant offense while on New York State parole (which expired August 4, 2011, *see* ¶ 61), it should be noted that the only two overt acts listed in the Superseding Indictment involving Mr. Basciano identify conversations with Confidential Witness 1 occurring March 16, 2013, and April 4, 2013, both *after* expiration of Mr. Basciano's parole supervision. Thus, it is unclear whether Mr. Basciano's offense conduct with respect to the charged conspiracy commenced while he was on parole. *See also* ¶ 94 (same);

(7)  at ¶ 66, Criminal History Category III overstates Mr. Basciano's Criminal History because the nature of the offenses that provide the requisite points – including a 30-day period of incarceration – were traffic misdemeanors (unlicensed operation of a motor vehicle); and

(8)  at ¶¶ 105-06, regarding forfeiture, it is respectfully submitted that the recommended percentage of income garnished for purposes of forfeiture should be the minimum possible because the amount of forfeiture vastly exceeds Mr. Basciano's proceeds from the offense conduct, and instead represents the gross retail value of the marijuana attributable to him in the conspiracy.

LAW OFFICES OF
**JOSHUA L. DRATEL, P.C.**

Johnny Y. Kim
United States Probation Officer
Southern District of New York
June 19, 2014
Page 3 of 3

     Also, it is respectfully requested that the final Report recommend that the Court recommend that Mr. Basciano (a) be designated to a facility as close as possible to the New York metropolitan area (to facilitate family visits), and (b) be enrolled in the Bureau of Prisons's 500-Hour Substance Abuse Program, as well as any other substance abuse treatment programs for which he is eligible.

                                        Respectfully submitted,

                                        Joshua L. Dratel

JLD/

cc:    Rebecca Mermelstein
       Assistant United States Attorney